IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BINYAMIN EL, i.c.d.n; | |
| Plaintiff, | **8:22CV203** |
| vs. | |
| VERNON C.R. DANIELS, KIMBERLY M. PANKONIN, DOUGLAS COUNTY CORRECTIONAL CENTER, and DEPARTMENT OF HEALTH AND HUMAN SERVICES, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Binyamin El filed a Complaint on June 6, 2022. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 10. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the Court will consider the multiple affidavits filed by Plaintiff, Filing Nos. 9, 12–23, 25, & 28, as supplements to, and part of, the Complaint. *See* NECivR 15.1(b).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined in the Douglas County Correctional Center ("DCCC"). In his Complaint and supplemental affidavits, Plaintiff sues a number of state, county, and city officials or entities (collectively "Defendants") for alleged deprivations of his constitutional rights related to his present confinement for a pending state criminal case and the removal of his children in a separate juvenile court case. Summarized for clarity, Plaintiff sues:

1. Judge Vernon C.R. Daniels ("Judge Daniels") of the Douglas County Juvenile Court and the Nebraska Department of Health and Human Services ("DHHS") for removing Plaintiff's children from his home by use of certain Nebraska statutes, Filing No. 1 at 2; Filing No. 12;

2. Judge Kimberly M. Pankonin ("Judge Pankonin") of the Douglas County District Court and the DCCC for unlawfully detaining Plaintiff by way of "an interlocutory sentence; a conviction without a trial which constitutes a bill of attainder," Filing No. 1 at 2;

3. The DCCC[1] for "participating in fraud and identity theft" and for libel and defamation of character by using Plaintiff's birth name (Benjamin H. Draper), birthday, and photo without his permission and displaying Plaintiff's birth name and picture on the Douglas County Corrections website along with libelous statements "guised as charges," Filing No. 9; Filing No. 16;

4. The Omaha Police Department ("OPD") "for their involvement in the kidnapping, false imprisonment and relocating of [Plaintiff's] children," Filing No. 14 at 2;

5. Douglas County Attorney Donald W. Kleine ("Kleine") for false imprisonment and conspiracy to deprive Plaintiff of his rights under color of law through Kleine's attempt to exercise jurisdiction which "does not extend to natural men in the state of nature," Filing No. 18;

6. The State of Nebraska for its involvement in the conspiracy against and deprivation of Plaintiff's rights contrary to 18 U.S.C. §§ 241 and 242, for

---

[1] Plaintiff identifies the "Douglas County Department of Corrections" as the party using his personal information without his permission. *See* Filing No. 9. For purposes of this initial review, the Court will consider the Douglas County Department of Corrections to be synonymous with the DCCC.

conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. § 1985, and its neglect of duty in violation of 42 U.S.C. § 1986, Filing No. 19 at 1;

7. The "Douglas County Court, its Judges, agents, heirs and assigns" to enjoin them from taking any further "actions against [Plaintiff's] person 'natural person'" "absent of all jurisdiction" in "case #21-2935," Filing No. 20;

8. Mrs. C. Krekling, R.N., A. Benavidez, and Mrs. S. Chouinard of the DCCC medical staff (collectively the "DCCC medical staff"), and Capt. Early "for medical malpractice, violation of 18 U.S.C. sec. 241 and 242, cruel and unusual punishment and violation of article 1 Neb. Constitution" because Plaintiff was compelled to take a tuberculosis shot to avoid lockdown, Filing No. 21; *see also* Filing Nos. 22, 23, & 25; and

9. The Lincoln Regional Center ("LRC") for attempting to deprive Plaintiff of his rights along with the Douglas County courts in violation of 18 U.S.C. §§ 241 and 242 because Plaintiff was informed on March 3, 2023 by a DCCC mental health psychiatrist that he is "on a list to go to the L.R.C. . . . a mental health facility in Lincoln, Nebraska," Filing No. 28.

As relief, Plaintiff seeks "dismissal of [Judge] Daniels['] case JV21-725 and [Judge] Pankonin's case 21-2935," release of his children from the DHHS back to Plaintiff and the children's mother, and immediate release from the DCCC." Filing No. 1 at 3. Plaintiff also seeks monetary damages of $100 for each day of his unlawful detention, $350 for the filing fee in this action, $250,000 for mental anguish and

alienation of affection and treble damages, as well as other specific damage amounts from certain Defendants.  Filing Nos. 13, 14, 15, 16, 18, 19, & 21.

A search of the DCCC's online, publicly available inmate records for Plaintiff's prisoner data number[2] returns a result for Benjamin H. Draper, which Plaintiff admits is his birth name, and indicates that Plaintiff was arrested on a felony capias/bench warrant and is being held on charges of third degree sexual assault on a child, first offense, and terroristic threats.  *See* https://corrections.dccorr.com/inmate-locator (Last visited April 18, 2023) (search result for Data Number 2158199).  Plaintiff's state court records further reveal that the State of Nebraska filed an information in Case No. CR 21-2935 on September 7, 2021, charging Plaintiff with two counts of third degree sexual assault on a child, both Class IIIA felonies.  The State subsequently amended the information to charge Plaintiff with one count of first degree sexual assault on a child, a Class IB felony; one count of third degree sexual assault on a child, a Class IIIA felony; and a third count of terroristic threats, a Class IIIA felony.  Most recently, on February 15, 2023, the State filed an amended information containing only the two sexual assault counts.  On February 2, 2023, the trial court determined that Plaintiff had become mentally incompetent to stand trial and ordered Plaintiff to undergo medical, psychiatric, or psychological examinations at the LRC.[3]  The matter remains pending.

---

[2] Plaintiff listed his prison data number, 2158199, on the envelope in which he mailed his Complaint. Filing No. 1 at 4.

[3] See attached state court records for *State v. Benjamin H. Draper*, Case No. CR21-2935, District Court of Douglas County, Nebraska, at https://www.nebraska.gov/justice/case.cgi.  The Court takes judicial notice of the state court records.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by

the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendants violated his due process rights. Because Plaintiff does not specify in what capacity any of the individual Defendants are being sued, the Court must assume they are sued in their official capacity.   *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).  For the reasons discussed below, the Court finds that Plaintiff's Complaint must be dismissed.

### A.  Federal Statutory Claims

Plaintiff purports to bring claims against Defendants under 22 U.S.C. §§ 141 to 143 and 18 U.S.C. §§ 241 and 242.  *E.g.*, Filing No. 1 at 2.  However, Sections 141 to 143 of Title 22 of the United States Code were repealed in 1956 and are no longer in force.  22 U.S.C. §§ 141 to 143, Repealed. Aug. 1, 1956, c. 807, 70 Stat. 774.  Plaintiff also does not have a private cause of action under 18 U.S.C. §§ 241 and 242 because those sections are criminal statutes which establish criminal liability for certain deprivations of civil rights.  *Zierke v. Molsen*, No. 4:21CV3187, 2022 WL 464520, at *2 (D. Neb. Feb. 15, 2022), *aff'd*, No. 22-1593, 2022 WL 4293097 (8th Cir. Apr. 15, 2022)

(citing cases).  Accordingly, Plaintiff's claims under 22 U.S.C. §§ 141 to 143 and 18 U.S.C. §§ 241 and 242 are dismissed.

**B.  State Defendants**

Liberally construed, Plaintiff sues the State of Nebraska, the DHHS, the LRC, Judge Daniels, Judge Pankonin, and the Douglas County Court, its judges, and staff (collectively the "State Defendants") for damages and injunctive relief.  Plaintiff's claims cannot proceed against the State Defendants because they are barred by sovereign immunity and the Court cannot exercise jurisdiction over his claims under the *Younger* abstention doctrine.

*1. Sovereign Immunity*

States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).  Here, the State of Nebraska, the LRC, the DHHS, and the Douglas County Court are not "persons" within the meaning of § 1983, and § 1983 does not create a cause of action against these defendants.  Accordingly, Plaintiff's claims against the State of Nebraska, the LRC, the DHHS, and the Douglas County Court must be dismissed for failure to state a claim upon which relief can be granted.

In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity.  *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995).  Plaintiff's claims for damages against Judge Daniels,

Judge Pankonin, and any other Douglas County Court judges or employees in their official capacities are barred by sovereign immunity.  As judges and employees within the Nebraska Judicial Branch, these defendants are state officials, and Plaintiff's official-capacity claims are claims against the State.  *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state).  There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.  Thus, Plaintiff's claims for damages against Judge Daniels, Judge Pankonin, and any other Douglas County Court judges or employees in their official capacities will be dismissed.

There is an exception to sovereign immunity. "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).  To the extent Plaintiff seeks prospective relief in this case, the *Younger* abstention doctrine, discussed below, prevents the Court from granting such relief.

*2. Younger Abstention*

Plaintiff asks this Court for injunctive relief (1) dismissing the juvenile and criminal proceedings against him; (2) releasing his children back to his custody; (3) immediately releasing him from the DCCC; and (4) enjoining any action by the LRC related to Plaintiff's competency determination.  As alleged in the Complaint and as indicated by his state court records, Plaintiff is a pretrial detainee awaiting trial in a pending criminal case and the juvenile court proceedings regarding his children are ongoing.  The Court does not have the proper jurisdiction to grant the relief sought.

8

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). Absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal and juvenile court proceedings. *See Id.* at 1248–49 (*Younger* abstention supported dismissal of church's constitutional claims against state officials, challenging removal of children from custody of church members to protect them from abuse, because "state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the doctrine"); *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint or supplemental pleadings. Thus, any claims for relief related to Plaintiff's pending criminal and juvenile court proceedings will be dismissed without prejudice pursuant to *Younger*.

## C. County and City Defendants

Plaintiff alleges claims against the DCCC, Douglas County Attorney Kleine, and the OPD based on conduct related to his criminal and juvenile court proceedings, as well as claims against the DCCC medical staff and Capt. Early for their administration of

a tuberculosis shot to Plaintiff.  Upon review, Plaintiff's Complaint fails to state a claim against any of the County or City Defendants.

> 1.    *DCCC and OPD*

Plaintiff's section 1983 claims may not be asserted against the OPD or the DCCC because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such. . . . [t]hey are simply departments or subdivisions of the City government").  Thus, Plaintiff's claims against the DCCC and the OPD will be dismissed.

> 2.    *Official Capacity Claims*

Plaintiff sues Kleine, the DCCC medical staff, and Capt. Early in their official capacities.  Liberally construed, Plaintiff's claims against these defendants are claims against Douglas County.  *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them).  "A suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson,* 172 F.3d at 535.  To state a plausible claim against Douglas County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county or city may only be liable under § 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the Douglas County Attorney, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Douglas County. Accordingly, Plaintiff's claims against Kleine, the DCCC medical staff, and Capt. Early in their official capacities are dismissed.

11

### 3. Prosecutorial Immunity

The Court also concludes that it would be futile to allow Plaintiff an opportunity to amend his Complaint to allege claims against Kleine in his individual capacity because Kleine would be entitled to immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). Plaintiff's allegation that Kleine lacks jurisdiction to prosecute Plaintiff, apart from lacking any basis in fact, does not allege any conduct that would fall outside the scope of Kleine's prosecutorial functions during Plaintiff's criminal proceedings. *See* Filing No. 18. Accordingly, the Court will dismiss Plaintiff's claims against Kleine without leave to amend as he is immune from suit.

### 4. No Deliberate Indifference to Plaintiff's Medical Needs

The Court also finds that Plaintiff's claims against the DCCC medical staff and Capt. Early should be dismissed without leave to amend as Plaintiff's Complaint fails to state a claim upon which relief may be granted. Liberally construed, Plaintiff claims the DCCC medical staff and Capt. Early were deliberately indifferent to Plaintiff's medical

needs when they compelled him to receive a tuberculosis shot in violation of the Fourteenth Amendment.[4] Filing No. 21; Filing No. 25.

"To establish a constitutional violation, a detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded." *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)); *see also Laganiere v. Cty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs."). An objectively serious medical need is one that "has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Laganiere*, 772 F.3d at 1116 (quoting *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008)). "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 747 (internal quotations and citations omitted).

---

[4] A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors). *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts. *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

Here, Plaintiff has alleged no facts from which the Court could reasonably infer that the DCCC medical staff and Capt. Early were deliberately indifferent to Plaintiff's serious medical needs or deliberately disregarded a known risk to Plaintiff's health. Rather, Plaintiff merely alleges that he does "not consent to be governed by the C.D.C. and the [DCCC] rules and regulations pertaining to the tuberculosis test/shot." Filing No. 21. Plaintiff's allegations, thus, suggest only Plaintiff's disagreement with the treatment given by the DCCC medical staff, which is insufficient to state a Fourteenth Amendment deliberate indifference claim. *See Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118–19 (8th Cir. 2007) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." (alteration in original) (quoting *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992))); *see also Joseph v. Nelson Coleman Corr. Ctr.*, No. CIV.A. 09-7562, 2010 WL 5058195, at *8 (E.D. La. Nov. 30, 2010) ("Anti-tuberculosis testing and inoculation for inmates upon placement in a crowded prison setting, where the risk of the spread of communicable diseases is high, can only be described as a prudent exercise of professional judgment."). Moreover, Plaintiff does not allege any facts suggesting that he faced a substantial risk of harm from the tuberculosis shot or that he suffered any adverse effects such that his receipt of the shot could even be considered a serious medical need. *See Joseph*, 2010 WL 5058195, at *7 (concluding that plaintiff's medical condition, "consisting of a reaction to an erroneously administered tuberculosis inoculation that caused a 'sore' lasting 30 days, leaving a scar when it healed," did not rise to the level of a serious medical need).

14

Based on the foregoing, Plaintiff's Complaint fails to allege any facts to state a plausible claim of deliberate indifference to Plaintiff's medical needs, and such claims will be dismissed.  The Court finds further amendment would be futile in light of the complete absence of any facts suggesting harm to Plaintiff and the DCCC's interest in testing for and preventing the spread of tuberculosis.  *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("We have recognized that prison officials must test prisoners for tuberculosis and treat them with INH therapy if they test positive in order to prevent widespread infection.").

**D.  State-Law Claims**

Liberally construed, Plaintiff alleges claims under Nebraska state law for libel and medical malpractice, among others.  Plaintiff's state-law claims can only be litigated in this action through exercise of the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).  However, the Court declines to exercise supplemental jurisdiction in this case because Plaintiff's federal claims will be dismissed without leave to amend.  *See* 28 U.S.C. § 1367(c)(3) (authorizing district court to decline supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction."); *Liscomb v. Boyce,* 954 F.3d 1151, 1156 (8th Cir. 2020) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." (internal quotation omitted)).

**IV.  MOTION FOR COPIES**

In Filing No. 27, Plaintiff requests free copies of all the affidavits he has filed in this case.  This request will be denied.  "An IFP litigant is not entitled to free copies of

documents that he submitted to the Court." *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn. June 28, 2017); *see In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) . . . does not give the litigant a right to have documents copied and returned to him at government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Heckler*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires.  It does not . . . ."); *see also Jackson-Mackay v. Cotant*, No. 8:22CV10, 2022 WL 1249731, at *3 (D. Neb. Apr. 27, 2022) ("28 U.S.C § 1915(a) does not give an IFP plaintiff the right to receive free copies from the court."); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

"Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914."  NEGenR 1.3(a)(1)(A)(iii).  If Plaintiff requires copies of court documents, he should contact the Clerk's office to determine the proper method of requesting and paying for copies.[5]

---

[5] Indeed, Plaintiff has taken this step and indicated his ability to pay for any necessary copies.  Filing No. 29.

## V.  CONCLUSION

Plaintiff's Complaint and supplemental pleadings fail to state a plausible claim for relief against any named Defendant in their official capacity.  To the extent Plaintiff's claims related to his pending state criminal or juvenile court case are not barred by sovereign immunity, the Court lacks proper jurisdiction to grant the relief Plaintiff requests pursuant to the *Younger* abstention doctrine.  Additionally, Defendant Kleine is immune from suit, and the Complaint fails to allege a plausible claim for relief against the DCCC medical staff and Capt. Early with respect to Plaintiff's medical treatment. Because the Court concludes further amendment of Plaintiff's claims would be futile, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.      This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Plaintiff's Motion for Copies, Filing No. 27, is denied.

3.      Judgment shall be entered by separate document.

Dated this 19th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

17



002176712D01

Justice # ZK1175023
Data # 2158199

County Court CR21 0011902

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

STATE OF NEBRASKA
                Plaintiff,

vs.

BENJAMIN H DRAPER,
             Defendant.
a.k.a.: BENJAMIN H DRAPER
a.k.a.: BENJAMIN H DRAPER
a.k.a.: BENJAMIN H DRAPER
D.O.B. 17 November 1983.
ADDRESS: 4128 MIAMI ST
           OMAHA, NE 68132
DR. LIC.: H12645500 NE
AR# K1175023
RB# R39275
CMS# K1175023 Z
**CM**

CR# 21 - 2935

**INFORMATION**

**CV**

#36   FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

SEP 0 7 2021

JOHN M. FRIEND
CLERK DISTRICT COURT

*Last viewed on April 14, 20__*

        The State of Nebraska hereby informs the Court that BENJAMIN H DRAPER is alleged to have violated the following laws of the State of Nebraska:

**COUNT 1:  SEXUAL ASSAULT ON A CHILD 3RD DEGREE Class IIIA Felony.**

On or about 17 June 2015 through 16 June 2018, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there subject A.D. who is fourteen years of age or younger to sexual contact not causing serious personal injury and said Defendant is at least nineteen years of age or older, in violation of Neb. Rev. Stat. §28-320.01(1) & (3), a Class IIIA Felony.
10356
28-320.01(3)

**COUNT 2:  SEXUAL ASSAULT ON A CHILD 3RD DEGREE Class IIIA Felony.**

On or about 17 June 2015 through 16 June 2018, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there subject A.D. who is fourteen years of age or younger to sexual contact not causing serious personal injury and said Defendant is at least nineteen years of age or older, in violation of Neb. Rev. Stat. §28-320.01(1) & (3), a Class IIIA Felony.
10356
28-320.01(3)

I, SEAN M. LAVERY, Deputy County Attorney, allege that this Information is true based upon my information and belief.

/s/ SEAN M. LAVERY
SEAN M. LAVERY, # 24283
Deputy County Attorney

Witnesses for the State:
ADOLFO  HERNANDEZ #1965
KENNETH B RANDALL #1324
MICKIE H SEYMOUR #1689
A.  D.

Last viewed on April 14, 2023

2

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CR210002935
Transaction ID: 0019439549
Filing Date: 01/26/2023 12:29:11 PM CST

Justice # ZK1175023
Data # 2158199

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| STATE OF NEBRASKA<br>　　　　　　　Plaintiff, | CR21 0002935 |
| vs. | |
| BENJAMIN H DRAPER,<br>　　　　　　　Defendant.<br>a.k.a.:  BENJAMIN H DRAPER<br>a.k.a.:  BENJAMIN H DRAPER<br>a.k.a.:  BENJAMIN H DRAPER<br>D.O.B. 17 November 1983.<br>ADDRESS:  4128  MIAMI ST<br>　　　　　　OMAHA, NE  68132<br>DR. LIC.:  H12645500   NE<br>AR# K1175023<br>RB# R39275<br>CMS# K1175023 Z<br>**EH** | THIRD<br>**AMENDED**<br>**INFORMATION** |

Last printed on April 14, 2023

The State of Nebraska hereby informs the Court that BENJAMIN H DRAPER  is alleged to have violated the following laws of the State of Nebraska:

## COUNT 1: SEXUAL ASSAULT ON A CHILD IN THE FIRST DEGREE - Class IB Felony

On or about 17 June 2015 through 16 June 2018, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there subject A.D. who is at least twelve years of age but less than sixteen years of age to sexual penetration and the said defendant is twenty-five years of age or older, in violation of Neb. Rev. Stat. §28-319.01(1)(b) & 28-319.01(2), a Class IB Felony.
10359
28-319.01(2)

## COUNT 2:  SEXUAL ASSAULT ON A CHILD 3RD DEGREE Class IIIA Felony.

On or about 17 June 2015 through 16 June 2018, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there subject A.D. who is fourteen years of age or younger to sexual contact not causing serious personal injury and said Defendant is at least nineteen years of age or older, in violation of Neb. Rev. Stat. §28-320.01(1) & (3), a Class IIIA Felony.
10356

28-320.01(3)

## COUNT 3:  TERRORISTIC THREATS CLASS IIIA FELONY

On or about 23 November 2021, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there threaten to commit any crime of violence: with the intent to terrorize another; with the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or in reckless disregard of the risk of causing such terror or evacuation; in violation of Neb. Rev. Stat. §28-311.01, a Class IIIA Felony. 20563 28-311.01

I, NATHAN  KLEIN, Deputy County Attorney, allege that this Information is true based upon my information and belief.

/s/ NATHAN  KLEIN
NATHAN  KLEIN, # 26817
Deputy County Attorney

Witnesses for the State:

ADOLFO  HERNANDEZ #1965                  MICKIE H SEYMOUR #1689
KENNETH B RANDALL #1324                  A.  D.

Last viewed on April 14, 2023

2

## Certificate of Service

I hereby certify that on Thursday, January 26, 2023 I provided a true and correct copy of the Amended Information to the following:

Draper,Benjamin,H,#2158199, represented by Abbi R. Romshek (Bar Number: 25369)
service method: Electronic Service to abbi.romshek@douglascounty-ne.gov

Signature: /s/ Nathan P. Klein (Bar Number: 26817)



Filed in Douglas District Court
*** EFILED ***
Case Number: D01CR210002935
Transaction ID: 0019527057
Filing Date: 02/15/2023 01:46:59 PM CST

Justice # ZK1175023
Data # 2158199

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| STATE OF NEBRASKA | |
| Plaintiff, | CR21 0002935 |
| vs. | |
| BENJAMIN H DRAPER, | |
| Defendant. | **FOURTH AMENDED** |
| a.k.a.:  BENJAMIN H DRAPER | **INFORMATION** |
| a.k.a.:  BENJAMIN H DRAPER | |
| D.O.B. 17 November 1983. | |
| ADDRESS: 2411  FLORENCE BLVD | |
|          OMAHA, NE  68110 | |
| DR. LIC.:  H12645500   NE | |
| AR# K1175023 | |
| RB# R39275 | |
| CMS# K1175023 Z | |
| **MS** | |

Last reviewed forms April 14, 2023

The State of Nebraska hereby informs the Court that BENJAMIN H DRAPER  is alleged to have violated the following laws of the State of Nebraska:

## COUNT 1:  SEXUAL ASSAULT ON A CHILD IN THE FIRST DEGREE - Class IB Felony

On or about 17 June 2015 through 16 June 2018, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there subject A.D. who is at least twelve years of age but less than sixteen years of age to sexual penetration and the said defendant is twenty-five years of age or older, in violation of Neb. Rev. Stat. §28-319.01(1)(b) & 28-319.01(2), a Class IB Felony.
10359
28-319.01(2)

## COUNT 2:  SEXUAL ASSAULT ON A CHILD 3RD DEGREE Class IIIA Felony.

On or about 17 June 2015 through 16 June 2018, in Douglas County, Nebraska, BENJAMIN DRAPER did then and there subject A.D. who is fourteen years of age or younger to sexual contact not causing serious personal injury and said Defendant is at least nineteen years of age or older, in violation of Neb. Rev. Stat. §28-320.01(1) & (3), a Class IIIA Felony.
10356
28-320.01(3)

I, NATHAN  KLEIN, Deputy County Attorney, allege that this Information is true based upon my information and belief.

/s/ NATHAN  KLEIN
NATHAN  KLEIN, # 26817
Deputy County Attorney

Witnesses for the State:

ADOLFO  HERNANDEZ #1965
KENNETH B RANDALL #1324
MICKIE H SEYMOUR #1689
A.  D.

Last viewed on April 14, 2023

2

# Certificate of Service

I hereby certify that on Wednesday, February 15, 2023 I provided a true and correct copy of the Amended Information to the following:

Signature: /s/ Nathan P. Klein (Bar Number: 26817)



002557114D01

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

STATE OF NEBRASKA, )            CR 21-2935
                   )
        Plaintiff, )
                   )            ORDER      #18    FILED
                   )                       District Court
v.                 )                       DOUGLAS COUNTY, NEBRASKA
                   )
BENJAMIN H. DRAPER, )                      FEB 1 0 2023
                   )
        Defendant. )                       CLERK DISTRICT COURT

THIS MATTER came before the Court for preliminary hearing.  Deputy Douglas County Attorney Michael McInerney appeared for the State.  Defendant appeared in custody with Assistant Public Defender Caroline Sojka.  The State, by written motion, requested a continuance of the hearing.  Defendant objected.  The Court grants the motion to continue for findings made on the record.

At hearing, Defendant addressed the Court.  During the colloquy between the Court and Defendant, the Court notes that Defendant's statements and tracking were questionable.  This is consistent with colloquies in prior hearings.  Taken in conjunction with the prior motion to determine competency and the order issued theretofore, it became apparent to the Court that Defendant has become mentally incompetent to stand trial.  The Court, pursuant to Neb. Rev. Stat. §29-1823, exercises its authority to determine whether or not Defendant is competent to stand trial.

IT IS THEREFORE ORDERED that the State's Motion to Continue the preliminary hearing is granted.

IT IS FURTHER ORDERED that Defendant shall be subject to such medical, psychiatric, or psychological examinations to determine whether Defendant is competent to stand trial.  Said examinations shall be conducted by the Lincoln Regional Center.  The Douglas County Attorney shall submit an order(s) to effectuate the same.  The costs of said examination(s) shall be at the expense of Douglas County.

IT IS FURTHER ORDERED that upon completion of the examination(s), the Court shall hold hearing to determine whether Defendant is competent, whether Defendant is incompetent and there exists a substantial probability that he will become competent within the reasonably foreseeable future, or whether Defendant is incompetent and there

does not exist a substantial probability that he will become competent within the reasonably foreseeable future.

IT IS FURTHER ORDERED that upon the Court's determination of Defendant's competency, the Court shall schedule a preliminary hearing, if necessary.

DATED:      February 2, 2023.

BY THE COURT:

_____
District Court Judge

Last viewed on April 14, 2023

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on February 10, 2023 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Abbi R Romshek
abbi.romshek@douglascounty-ne.gov

Lori A Hoetger
lori.hoetger@douglascounty-ne.gov

Yvonnda A Summers
yvonnda.summers@douglascounty-ne.gov

Nathan P Klein
nathan.klein@douglascounty-ne.gov

Michael D McInerney
michael.mcinerney@douglascounty-ne.gov

Dism/Seal Do Cty Sherriff Carisa
carisa.roberts@douglascounty-ne.gov

Dism/Seal Do Cty Sheriff Malinda
malinda.farhart@douglascounty-ne.gov

Date:  February 10, 2023    BY THE COURT: _____

CLERK